IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           Plaintiff,

v.

MUHAMMAD RIZWAN a/k/a
MUHAMMAD RIZWAN RASHEED,

           Defendant.

Case No.: 25-CV-510

---

## COMPLAINT

Plaintiff the United States of America, by and through the United States Attorney for the Western District of New York, brings this action against Muhammad Rizwan a/k/a Muhammad Rizwan Rasheed ("Defendant") for civil monetary penalties for the importation of counterfeit merchandise, and alleges as follows:

### NATURE OF ACTION

1. This is an action for recovery of civil monetary penalties under the Tariff Act of 1930, 19 U.S.C. § 1526 (the "Act").

2. The Act imposes civil penalties on persons who direct, assist, or aid and abet the importation of counterfeit merchandise for sale or public distribution. 19 U.S.C. § 1526(f).

3. Pursuant to the Act, the United States, on behalf of the United States Department of Homeland Security, Customs and Border Protection ("CBP"), brings this action to recover civil monetary penalties from Defendant, for importing merchandise, bearing a counterfeit trademark, into the United States.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, 1355.

5. Venue is proper in the Western District of New York because the penalties accrued in this District and Defendant is found in this District.

## PARTIES

6. Plaintiff is the United States of America, acting for and on behalf of its agency, CBP, which is vested with the duty to enforce and execute provisions of Title 19 of the United States Code. In certain code provisions, CBP is still referred to by its former name, the United States Customs Service.

7. CBP is, and at all times relevant to this action was, vested with the duty to enforce and execute the provisions of Title 19 of the United States Code.

8. Upon information and belief, Defendant, Muhammad Rizwan a/k/a Muhammad Rizwan Rasheed, is a citizen of the United States, residing at 36 Coneflower Drive, West Henrietta, New York 14586.

## STATUTORY BACKGROUND

9. A "trademark" is defined as "any word, name, symbol, or device, or any combination thereof--(1) used by a person, or (2) which a person has a bona fide intention to use in commerce and applies to register on the principal register . . . to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127.

2

10. A "mark" is defined to include "any trademark, service mark, collective mark, or certification mark." 15 U.S.C. § 1127.

11. A "registered mark" means a mark registered in the United States Patent and Trademark Office ("USPTO"). 15 U.S.C. § 1127.

12. A "counterfeit" is defined to include "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

13. The importation into the United States of foreign manufactured merchandise bearing a trademark, which is registered with the USPTO and owned by a citizen or corporation of the United States, is prohibited unless written consent of the owner of such trademark is produced at the time of making entry. 19 U.S.C. § 1526(a); 15 U.S.C. § 1124.

14. Section 42 of the Lanham Act provides that "[n]o article of imported merchandise which shall copy or simulate the name of any domestic manufacture, or manufacturer . . . shall be admitted to entry at any customhouse of the United States[.]" 15 U.S.C. § 1124.

15. Pursuant to 19 U.S.C. § 1526(e), any merchandise bearing a counterfeit mark imported in violation of Section 42 of the Lanham Act "shall be seized and, in the absence of the written consent of the trademark owner, forfeited for violations of the customs laws."

16. "[A]ny person who directs, assists financially or otherwise, or aids and abets the importation of merchandise for sale or public distribution" that is seized pursuant to 19 U.S.C. § 1526(e) shall be subject to a civil penalty under 19 U.S.C. § 1526(f).

17. The fine for a first seizure "shall be not more than the value that the merchandise would have had if it were genuine, according to the manufacturer's suggested retail price[.]" 19 U.S.C. § 1526(f)(2).

18. For a "second seizure and thereafter, the fine shall be not more than twice the value that the merchandise would have had if it were genuine[.]" 19 U.S.C. § 1526(f)(3).

19. Imposition of a fine under 19 U.S.C. § 1526(f) is within CBP's discretion. 19 U.S.C. § 1526(f)(4).

## ALLEGATIONS

**Violation 1**

20. On or about November 6, 2023, CBP personnel at the Federal Express ("FedEx") facility in Rochester, New York examined a shipment from Suzhou, China, for which Defendant was the consignee at his home address.

21. The shipment was manifested as "polyester headscarf," with a declared value of $77.00.

22. Upon examination, the shipment was found to contain 32 "Gucci" knit hats, 32 "Prada" knit hats, 24 "The North Face" knit hats, 24 "New York Yankees" knit hats, and 16 "Louis Vuitton" knit hats (collectively, "128 knit hats").

23. CBP personnel determined that the merchandise was counterfeit and infringed on the marks that Gucci, Prada, The North Face, New York Yankees, and Louis Vuitton have registered with the USPTO and recorded with CBP.

24. CBP appraised the Manufacturer's Suggested Retail Price ("MSRP") for genuine versions of the 128 knit hats at $44,639.76.

25. On November 29, 2023, CBP issued a Notice of Seizure to Defendant. The Notice of Seizure included the following property that was seized:

    A.    Description of Property:    32 EA Gucci knit hat
        1) Description of Trademark: Standard Character Word Mark GUCCI
        2) CBP Recordation Number: TMK 04-00246
        3) USPTO Registration Number: 1168477

    B.    Description of Property:    32 EA Prada knit hat
        1) Description of Trademark: Color is not claimed as a feature of the mark.
        2) CBP Recordation Number: TMK 22-01142
        3) USPTO Registration Number: 4957774

    C.    Description of Property:    24 EA The North Face knit hat
        1) Description of Trademark: THE NORTH FACE with three solid curved lines forming a dome design.
        2) CBP Recordation Number: TMK 99-00163
        3) USPTO Registration Number: 2097715

    D.    Description of Property:    24 EA New York Yankees knit hat
        1) Description of Trademark: Color is not claimed as a feature of the mark. The mark consists of the letters "NY" in stylized form.
        2) CBP Recordation Number: TMK 19-00309
        3) USPTO Registration Number: 3320067

    E.    Description of Property:    16 EA Louis Vuitton knit hat
        1) Description of Trademark: Word Mark in Stylized Form - LV
        2) CBP Recordation Number: TMK 04-00361
        3) USPTO Registration Number: 1794905

26. The Notice of Seizure also notified Defendant of the right to file a petition for the remission of forfeiture within 30 days of the notice, in accordance with 19 U.S.C. § 1618, and 19 C.F.R. §§ 171.1, 171.2.

27. CBP did not receive a response to the Notice(s) of Seizure.

28. On January 4, 2024, the property was administratively forfeited.

29. A Notice of Penalty was issued to Defendant on January 10, 2024, in the amount of $40,000.00, pursuant to 19 U.S.C. § 1526(f).

30.     The Notice of Penalty advised Defendant that the merchandise bore counterfeit marks, infringing on the U.S. registered trademarks of Gucci, Prada, The North Face, New York Yankees, and Louis Vuitton, in violation of 19 U.S.C. §§ 1526(e), (f).

31.     On March 10, 2024, CBP received an administrative petition from Defendant, through his attorney, regarding the civil penalty.

32.     On May 24, 2024, CBP's Office of Fines, Penalties, and Forfeitures ("FP&F") sent Defendant a letter, granting administrative mitigation of the penalty in the amount of $12,000.00.

33.     The letter advised Defendant that he had 60 days from the date of the letter to make payment to CBP, and if no payment was made, the claim would revert to the full demand amount.

34.     Defendant neither responded to the letter nor made any payment.

35.     Three additional bills were sent to Defendant at his home address, dated July 27, 2024, August 10, 2024, and August 24, 2024, requesting payment of the full $40,000 penalty.

36.     To date, Defendant has not responded to any of the bills or made any payment towards the $40,000 penalty.

**Violation 2**

37.     On or about December 8, 2023, CBP personnel at the FedEx facility in Rochester, New York examined a shipment from Hong Kong, China, for which Defendant was the consignee at his home address.

6

38. The shipment was manifested as "canvas bag 100 cloth accessory," with a declared value of $192.00.

39. Upon examination, the shipment was found to contain 12 "Gucci" fanny packs, 7 "Louis Vuitton" fanny packs, 6 "Burberry" fanny packs, 6 "Gucci" shoulder bags, and 12 "Louis Vuitton" shoulder bags (collectively, "43 bags").

40. CBP personnel determined that the merchandise was counterfeit and infringed on the marks that Gucci, Louis Vuitton, and Burberry had registered with the USPTO and recorded with CBP.

41. CBP appraised the MSRP for genuine versions of the 43 bags at $64,490.00.

42. On December 20, 2023, CBP issued a Notice of Seizure to Defendant. The Notice of Seizure included the following property that was seized:

    A. Description of Property:    12 EA Gucci fanny pack
                                                        6 EA Gucci shoulder bag
       1) Description of Trademark: Standard Character Word Mark GUCCI
       2) CBP Recordation Number: TMK 89-00646
       3) USPTO Registration Number: 876292

    B. Description of Property:    7 EA Louis Vuitton fanny pack
       1) Description of Trademark: Word Mark LV
       2) CBP Recordation Number: TMK 12-01323
       3) USPTO Registration Number: 0297594

    C. Description of Property:    6 EA Burberry fanny pack
       1) Description of Trademark: Word Mark AN ILLUSTRATION DRAWING WITHOUT ANY WORD(S)/LETTER(S)/NUMBER(S)
       2) CBP Recordation Number: TMK 23-02107
       3) USPTO Registration Number: 2512119

    D. Description of Property:    12 EA Louis Vuitton shoulder bag
       4) Description of Trademark: The mark consists of a square with a checkered pattern of light and dark brown with the unusual contrast of weft and warp. The colors light and dark brown are claimed as a feature of the mark. The lining constitutes a feature of the mark and, itself, does not indicate color as described and claimed hereinabove.
       5) CBP Recordation Number: TMK 11-00269

      6) USPTO Registration Number: 2378388

43. The Notice of Seizure also notified Defendant of the right to file a petition for the remission of forfeiture within 30 days of the notice, in accordance with 19 U.S.C. § 1618, and 19 C.F.R. §§ 171.1, 171.2.

44. Upon information and belief, Defendant signed the certified mail return receipt attached to the Notice of Seizure.

45. However, CBP did not receive any response to the Notice(s) of Seizure.

46. On January 22, 2024, the property was administratively forfeited.

47. A Notice of Penalty was issued to Defendant on January 26, 2024, in the amount of $50,000.00, pursuant to 19 U.S.C. § 1526(f).

48. The Notice of Penalty advised Defendant that the merchandise bore counterfeit marks, infringing on the U.S. registered trademarks of Gucci, Louis Vuitton, and Burberry, in violation of 19 U.S.C. §§ 1526(e), (f).

49. Five additional bills were sent to Defendant at his home address, dated March 30, 2024, April 13, 2024, April 27, 2024, June 15, 2024, and June 29, 2024, requesting payment of the full $50,000 penalty.

50. Defendant did not respond to either the Notice of Penalty or any of the subsequently issued bills.

51. To date, Defendant has made no payments on any of the above-listed penalties, and the total amount of $90,000.00 for the combined penalties remains outstanding.

## COUNT 1
### (Claim for Collection of a Civil Penalty)

52. The United States incorporates by reference paragraphs 1-51 of this complaint as though fully set forth herein.

53. Pursuant to 19 U.S.C. § 1526(f), Defendant is liable for civil penalties of $90,000.00.

54. The United States has issued several demands to Defendant to pay the civil penalties of $90,000.

55. Defendant has failed and continues to fail to pay the civil penalties.

56. Through this action, the United States demands payment from Defendant for a civil penalty in the amount of $90,000.

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court enter a judgment against the Defendant as follows:

A.   For civil penalties of $90,000.00, plus interest as allowed by law;

B.   For the United States' costs of this action; and

C.   For such other and further relief as the Court deems just and proper.

DATED: Rochester, New York, June 13, 2025.

                                            **MICHAEL DIGIACOMO**
                                            United States Attorney


                    By:    <u>/s/JONATHAN W. FERRIS</u>
                          JONATHAN W. FERRIS
                          Assistant United States Attorney
                          United States Attorney's Office
                          Western District of New York
                          100 State Street
                          Rochester, New York 14614
                          (585) 399-3962
                          Jonathan.Ferris@usdoj.gov